IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| ZUFFA, LLC, d/b/a/ THE ULTIMATE FIGHTING CHAMPIONSHIP, ) ) ) | |
| Plaintiff, ) ) | |
| vs. ) ) | Case No. 12-3491-CV-S-ODS |
| RACHEL McCORMICK, LINDA McCORMICK, and CRYSTAL AUDEOUD, Individually and as officers, directors, shareholders, and/or principals of MDV SOCIAL CLUB OF SOUTHERN MISSOURI, d/b/a MIXERS ULTRALOUNGE, ) ) ) ) ) ) ) ) | |
| and ) ) | |
| MDV SOCIAL CLUB OF SOUTHERN MISSOURI, d/b/a MIXERS ULTRALOUNGE ) ) ) ) | |
| Defendants. ) | |

ORDER AND OPINION DENYING DEFENDANTS' MOTION TO DISMISS

Plaintiff's two-count Complaint alleges Defendants unlawfully intercepted and exhibited satellite transmission of an event in violation of Plaintiff's copyrights and other rights. Defendants Rachel McCormick, Linda McCormick and Crystel Audeoud are sued both individually and in their capacity as officers, directors, shareholders, or principals of MDV Social Club, the entity that owns the establishment where Plaintiff's program was shown. The individual defendants seek dismissal under Rule 12(b)(6), alleging a claim cannot be stated because MDV Social Club is a not-for-profit corporation, so the individual defendants (allegedly) cannot be held liable. The motion (Doc. # 6) is denied.

The liberal pleading standard created by the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam) (quoting Fed. R. Civ. P.

8(a)(2)). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Id. (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). In ruling on a motion to dismiss, the Court "must accept as true all of the complaint's factual allegations and view them in the light most favorable to the Plaintiff[ ]." Stodghill v. Wellston School Dist., 512 F.3d 472, 476 (8th Cir. 2008). The Court is limited to a review of the Complaint; the only items outside the Complaint that may be considered without converting the motion to one seeking relief pursuant to Rule 56 of the Federal Rules of Civil Procedure are (1) exhibits attached to the Complaint, and (2) materials necessarily embraced by the Complaint. Mattes v. ABC Plastics, Inc., 323 F.3d 695, 698 (8th Cir. 2003).

The first reason the motion is denied is that the individual Defendants cannot establish the basis for their argument based solely on the Complaint. To support their argument, they must (and have) direct the Court to materials outside the Complaint; namely, documentation confirming that MDV Social Club is a not-for-profit corporation. This is not permitted under Rule 12(b)(6).

The second, and more important, reason for denying the individual Defendants' motion is that it is not meritorious. They cite section 355.197.1 of the Revised Missouri Statutes, which provides that "[a] member of a [not-for-profit] corporation is not, *as such*, personally liable for the acts, debts, liabilities, or obligations of the corporation." (The emphasis is supplied). The principle underlying the statute is hardly surprising: as with all corporations, officers, directors, and shareholders are not liable for the acts and debts of a corporation simply because they are officers, directors, or shareholders. This does not preclude officers, directors, and shareholders for being liable for other reasons, such as when a shareholder personally guaranties a loan to the corporation or (as is alleged here) when the officer, director, or shareholder personally undertakes the allegedly wrongful/tortuous act. The individual Defendants may not be liable simply because of their connection to MDV Social Club, but they may be liable based on the acts they personally undertook. For this reason, the motion is denied.
IT IS SO ORDERED.

                                        /s/ Ortrie D. Smith
                                        ORTRIE D. SMITH, SENIOR JUDGE
DATE: January 30, 2013           UNITED STATES DISTRICT COURT